Filed 10/7/14  P. v. Jurado CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK JURADO<br><br>    Defendant and Appellant. | 2d Crim. No. B253569<br>(Super. Ct. No. KA100205)<br>(Los Angeles County) |

Mark Jurado appeals a judgment following his conviction by a jury of possession of heroin.  (Health & Saf. Code, § 11350, subd. (a).)  Jurado admitted the truth of a special allegation by the People that he had been convicted in 1982 of a felony, viz., dissuading a witness with force, or an implied threat of force.  (Pen. Code, § 136.1.)  Jurado moved for a new trial and to "strike" the allegation on the ground that doing so was in the interests of justice.  (*Id.*, § 1385; *People v. Superior Court* (1996) 13 Cal.4th 49 (*Romero*).)  The trial court denied the motion to strike the prior conviction for sentencing purposes and doubled the upper term sentence of three years in prison to six years.  Jurado contends that it was an abuse of the court's discretion to refuse to strike the prior conviction because it occurred more than 30 years ago and because he has not been convicted of a violent crime since then.

We conclude that the court did not abuse its discretion by deciding not to strike Jurado's prior strike conviction and affirm.

FACTS

Jurado argues the 30-year-old prior conviction occurred when he was only 19 and is his only strike under the three strikes law. Since then, Jurado notes he has not been convicted of a violent crime although he admits he has "suffered numerous drug possession and under the influence charges" and was convicted once for possession of heroin for sale and on another for grand theft. Jurado said his unrelenting addiction to heroin has left him in very poor health and that he suffers from an immune disease and myasthenia gravis. These diseases leave him weak, in respiratory distress, at risk for life-threatening infections and in need of constant medical care. He argues he "should be deemed outside the spirit of the three strikes law" and claims that imposing the strike "is not in the interest of justice."

In denying the motion, the trial court explained that although the prior was old, its age was not the only factor to be considered. The court acknowledged Jurado's poor health and need for care but concluded, based upon the entire record and Jurado's other numerous felony and misdemeanor drug-related convictions since the strike, that it would not be in the interests of justice to disregard the prior conviction in determining his sentence.

DISCUSSION

A trial court has discretion to strike a prior strike conviction under the three strikes law. (*Romero*, *supra*, 13 Cal.4th at p. 504.) The standard for deciding whether to strike a prior is well established. "[T]he court . . . must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit . . . ." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) If so, the defendant "should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*)

2

The standard of review on appeal is whether the trial court abused its discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)  The appellant must show that the court's decision is "so irrational or arbitrary that no reasonable person could agree with it."  (*Id.* at p. 377.)

Jurado argues that his first strike in 1982 occurred when he was "only 19 years old" and that his most recent interaction with law enforcement was in 2007.  This is not, however, a positive factor where the defendant "did not refrain from criminal activity [thereafter], and . . . did not add maturity to age."  (*People v. Williams*, *supra*, 17 Cal.4th at p. 163.)  Nor is it a favorable factor when the defendant is in and out of custody for substantial periods during the time between the strike and the current offense.

Jurado's record is not confined to an isolated period of aberrant behavior or to youthful indiscretions.  Each of his five felony convictions after 1982 resulted in sentences of two, three or four years in prison.  The probation officer's report notes that after the 1982 conviction, Jurado had four felony drug convictions and one felony conviction for grand theft.  The report also reveals there were 13 misdemeanor convictions for drugs, petty theft, drunk driving and probation violations during that time.  The probation officer stated in his report that Jurado "has been exposed to prior correctional [and] rehabilitative handling on the part of the Los Angeles County Probation Department, the California Youth Authority and the California Department of Corrections (multi-termer).  [Jurado's] arrest in the instant matter clearly indicates that he poses a continuing threat to the community."  Jurado concedes his long criminal history and acknowledges that the time he has spent in jails, prisons and drug treatment programs has not diminished his need for drugs or, apparently, the need to commit minor and major crimes to support his addiction.

Jurado argues that his offenses were not violent crimes and suggests they were victimless.  He admits however trading doses of heroin for yard work by homeless persons and was convicted of selling drugs in 1989 and 1990 and of grand theft in 1999.  The court explicitly recognized that his addictions were a problem but noted that he had not rehabilitated himself, his addiction was not under control and he had a history of

violence. The nature of his offenses has not decreased in seriousness with age and maturity.

The trial court reasonably found that Jurado fell within the spirit of the three strikes law because he is a chronic offender that represents a continuing problem for law enforcement and the community. (*People v. Williams*, *supra*, 17 Cal.4th at pp. 163-164; *People v. Philpot* (2004) 122 Cal.App.4th 893, 904-906.) The three strikes law was enacted to target the revolving door offender. The court could reasonably infer from his record that Jurado was one. Jurado has not shown an abuse of discretion.

The judgment is affirmed.

NOT TO BE PUBLISHED.


BURKE, J.


We concur:



YEGAN, Acting P. J.



PERREN, J.


4

Robert M. Martinez, Judge

Superior Court County of Los Angeles
_____

John R. Escobosa, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Jonathan J. Kline, Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.